# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

YAN CHANG HUANG,

    Plaintiff,

v.

WELLSFARGO HOME LOANS SERVICING; , *et al*.,

    Defendants.

Case No. 2:12-cv-00001-LDG (PAL)

**ORDER**

    The defendants, Wells Fargo Home Loans Servicing, Merscorp, Inc., and Mortgage Electronic Registration Systems, Inc., move to dismiss (#9) the complaint of plaintiff, Yan Chang Huang, for failure to state a claim. In her complaint, Huang alleges she purchased property located at 7378 Divine Ridge Street, Las Vegas, Nevada. In December 2009, a Notice of Breach was recorded as to this property in the Clark County Recorder's Office. Subsequently, in December 2011, a Notice of Trustee's Sale was recorded. Huang then filed the instant complaint, alleging eleven causes of action which primarily concern the origination of her loan.

    The defendants argue that dismissal is appropriate as, *inter alia*, Huang's claims are barred by the statute of limitations and do not state any claims against these defendants.

In connection with their motion, the defendants have submitted documents relevant to Huang's complaint, including the Deed of Trust, the Note, Assignments, and Notices that have been recorded in the Clark County Recorder's Office. Huang has opposed the motion. Having considered the arguments of the parties and judicially-noticable documents, the Court will dismiss this matter.

Motion to Dismiss

The defendants' motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the plaintiff's complaint states "a claim upon which relief can be granted." In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 555 (citations omitted). In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F3.d 895, 900 (9th Cir. 2007).

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true. *Twombly*, 550 U.S. at 555. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal* 556 U.S. ___, 129 S.Ct. 1937, 1949

(2009).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.,* at 1950.  Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

To be plausible on its face, a claim must be more than merely possible or conceivable.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief." *Id.*, (citing Fed. R. Civ. Proc. 8(a)(2)).  Rather, the factual allegations must push the claim "across the line from conceivable to plausible." *Twombly.* 550 U.S. at 570.  Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim. *Id.*, at 567.

Although allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), sweeping conclusory allegations do not suffice, *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Analysis

Huang's complaint and her opposition to the defendants' motion suffer, to a great extent, from an improper reliance upon general and conclusory allegations coupled with a paucity of allegations concerning the acts of which Huang complains.  A cursory review of the complaint and opposition reveal that they, in large part, have been copied from other sources with little or no consideration paid to whether the allegations or arguments are relevant or appropriate to Huang's circumstances.

For example, Huang alleges, in her complaint, that "he" secured the loan on the property in September 2007.  In her opposition, she states that she entered into the loan in February 2007.  However, the Note and the Deed of Trust, which were recorded by the Clark County Recorder's Office on January 6, 2006, and true and correct copies of which have been submitted to the Court by the defendants, establish that she secured the loan in the first days of 2006.

1    As another example, Huang argues in her opposition that dismissal is not
2 appropriate because the defendants have failed to produce the Note and Deed of Trust.
3 The defendants, however, did submit true and correct copies of the Note and the Deed of
4 Trust, and have produced copies of the relevant Assignments.
5    A further example of the disconnect between Huang's allegations and arguments
6 and the specifics of her circumstances and the arguments asserted by the defendants is
7 revealed in Huang's opposition to the defendants' argument that her claims are barred by
8 the statute of limitations.  Huang responds to the argument by asserting that the statute of
9 limitations does not bar her negligence claims because she only recently discovered the
10 facts supporting her claims.  The argument is irrelevant since, although Huang alleged
11 eleven separate causes of action, none was a claim for negligence.  In addition, despite
12 setting forth a generalized legal argument, Huang's opposition fails to identify any
13 allegations of fact from which permissible inferences could be drawn that any of her claims
14 accrued within the applicable statute of limitations.  Given that Huang has alleged her loan
15 originated in February or September 2007, and given that the Note and Deed of Trust
16 establish the loan originated in January 2006, the absence of allegation of fact relevant to
17 an equitable tolling of the statute of limitations is fatal to Huang's argument.
18    Having carefully reviewed the complaint, the motion to dismiss, the judicially-
19 noticable documents, and Huang's opposition, the Court will grant the motion as the facts
20 alleged by Huang indicate that many of her claims are barred by the statute of limitations,
21 and because Huang has failed to allege facts concerning the defendants' conduct relevant
22 to the underlying property for which could she can hold them liable on her claims.
23 Nevertheless, as Huang is proceeding pro se, the Court will grant her leave to file an
24 amended complaint.  However, the Court strongly cautions Huang that if she chooses to
25 amend her complaint, her claims must rest upon and be limited to short and plain
26 statements alleging the defendants' conduct as relevant to the 7378 Divine Ridge Street

1  property.  Huang may not rely upon general, conclusory allegations concerning mortgage
2  lending and foreclosure practices not specific to the conduct of these defendants.  If the
3  amended complaint again rests upon conclusory allegations of conduct general to
4  mortgage lending, loan origination, or foreclosure, the Court may dismiss the complaint
5  without leave to amend for failing to make a short and plain statement of allegations.
6    Therefore, for good cause shown,
7    THE COURT **ORDERS** that Plaintiff's Request for Leave to Reply to Defendant's
8  Reply in Support of Defendant's Motion to Dismiss (#24) is DENIED.
9    THE COURT FURTHER **ORDERS** that the Defendants' Motion to Dismiss (#9) is
10  GRANTED;
11    THE COURT FURTHER **ORDERS** that Defendants' Motion to Expunge Lis Pendens
12  (#12) is GRANTED;
13    THE COURT **FURTHER ORDERS** that the Notice of Lis Pendens filed by the
14  Plaintiff on January 3, 2012 is **CANCELLED** and **EXPUNGED**.
15    THE COURT **FURTHER ORDERS** that a copy of this Order may be recorded by the
16  Clark County Recorder in the applicable chain of title.

18  DATED this __13__ day of April, 2012.

_____
Lloyd D. George
United States District Judge